805 S.E.2d 764

**In the MATTER OF Darryl D. SMALLS, Respondent.**

Appellate Case No. 2017-001219
Opinion No. 27741

Supreme Court of South Carolina.

Submitted September 14, 2017
Filed October 4, 2017

Lesley M. Coggiola, Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

Darryl D. Smalls, of Columbia, pro se.

PER CURIAM:

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and Respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, Respondent admits misconduct and consents to the imposition of a definite suspension for no less than nine (9) months and no more than three (3) years. Respondent requests that any suspension be made retroactive to October 10, 2016, the date of his interim suspension. We accept the Agreement and impose a definite suspension of eighteen (18) months from the practice of law. We grant Respondent's request to make his suspension retroactive to the date of his interim suspension.

## Facts and Law

### Pattern of Failure to Pay Court Reporters

On May 5, 2009, Respondent received a transcript for a deposition and an invoice for $107.75 from Southern Reporting (Southern). Southern sent several notices to Respondent that payment was due and called Respondent in an attempt to collect, but could not reach him. On December 2, 2009, Southern filed a complaint with ODC. After notice of the complaint, Respondent paid the invoice on January 19, 2010.

Graber Reporting Service (Graber) issued invoices for transcripts to Respondent in October 2009 for $130.35, in July 2010 for $483.65, and in August 2010 for $321.59. After re-

peated attempts to collect these invoices, Graber filed a complaint with ODC in February 2012. After notice of the complaint, Respondent paid the invoices on March 12, 2012.

On January 25, 2012, Respondent received a transcript of a deposition and an invoice for $183.25 from Ray Swartz & Associates (Swartz). Swartz sent Respondent several letters asking for payment of the invoice. On October 24, 2012, Swartz filed a complaint with ODC. After notice of the complaint, Respondent paid the invoice on November 27, 2012. Respondent's failure to pay Swartz followed his receipt of a letter of caution in April 2012 for the same misconduct.

Graber issued invoices for transcripts to the Respondent in May 2013 for $526.05 and in July 2013 for $319.75. After repeated attempts to collect these invoices, Graber filed a second complaint with ODC on April 17, 2014. After notice of the complaint, Respondent paid the invoices on July 7, 2014. Respondent's failure to pay Graber followed his receipt of a letter of caution in April 2012 for the same misconduct.

On December 10, 2014, Respondent received a transcript of a deposition and an invoice for $78.50 from Creel Court Reporting (Creel). After repeated phone messages and several collection letters, Creel could not collect payment and filed a complaint with ODC on January 7, 2016. Respondent has yet to pay these invoices. Respondent's failure to pay Creel followed his receipt of a letter of caution in April 2012 and a confidential admonition in October 2014 for the same misconduct.

Respondent admits his pattern and practice of failing to timely pay for court reporting services violates Rule 4.4 (in representing a client, lawyer must have respect for rights of third persons) and Rule 8.4(e) (it is professional misconduct to engage in conduct that is prejudicial to the administration of justice) of the Rules of Professional Conduct (RPC) found in Rule 407, SCACR.

Pattern of Failure to Respond to Disciplinary Inquiries

On December 14, 2009, Respondent was notified of the complaint from Southern and given fifteen (15) days to submit a written response. On January 7, 2010, ODC sent a certified letter to Respondent reminding him of his obligation to respond. On February 2, 2010, Respondent submitted his writ-

ten response, thirty-five (35) days late. ODC dismissed the complaint after Respondent paid the invoice.[1]

On February 23, 2012, Respondent was notified of the first Graber complaint and given fifteen (15) days to submit a response. On March 19, 2012, ODC received the Respondent's timely written response. On April 17, 2012, ODC concluded the first Graber complaint with a letter of caution citing Rule 4.4 and Rule 8.4(e), RPC, Rule 407, SCACR, after Respondent paid the invoices.

On November 8, 2012, Respondent was notified of the Swartz complaint and given fifteen (15) days to submit a written response. On November 27, 2012, ODC received Respondent's timely written response. On April 12, 2013, ODC issued a notice to appear to Respondent pursuant to Rule 19, RLDE, Rule 413, SCACR, requiring his appearance on April 30, 2013. Respondent did not appear. On May 30, 2013, ODC issued a notice to appear which rescheduled Respondent's appearance to July 9, 2013. Respondent appeared and responded to questions. On October 29, 2014, the Commission on Lawyer Conduct (Commission) accepted an Agreement for Discipline by Consent and concluded the Swartz complaint (along with the second Graber complaint and two client complaints) with a confidential admonition, with conditions, citing Rule 4.4, Rule 8.1(a) (a lawyer shall not fail to respond to a lawful demand for information in connection with a disciplinary matter), and Rule 8.4(e), RPC, Rule 407, SCACR.

On April 22, 2014, Respondent was notified of the second Graber complaint and given fifteen (15) days to submit a written response. On May 15, 2014, ODC sent a certified letter to Respondent reminding him of his obligation to respond. On May 23, 2014, ODC issued a notice to appear to Respondent requiring his appearance on July 2, 2014. Respondent did not

---

1. Rule 20, RLDE, Rule 413, SCACR, prohibits the use of the allegations in a dismissed complaint for any purpose unless it is re-opened by the Commission on Lawyer Conduct. Rule 20 allows a dismissed complaint to be re-opened by an Investigative Panel upon a finding that an additional complaint has been filed against the same lawyer involving allegations which are related or similar to the dismissed complaint. On March 4, 2016, Disciplinary counsel moved to re-open Southern's dismissed complaint. Respondent did not file a return or otherwise oppose the motion. The Investigative Panel granted the motion, and Southern's complaint was re-opened.

appear. On July 10, 2014, ODC notified Respondent of its intention to file a petition for his interim suspension for failing to respond. On July 11, 2014, Respondent submitted his written response, sixty-five (65) days late. On October 29, 2014, the Commission accepted an Agreement for Discipline by Consent and concluded the second Graber complaint (along with the Swartz complaint and two client complaints) with a confidential admonition, with conditions, citing Rule 4.4, Rule 8.1(a), and Rule 8.4(e), RPC, Rule 407, SCACR.

On January 20, 2016, ODC sent Respondent a copy of the Creel complaint and a notice of investigation, giving him fifteen (15) days to submit a written response. Respondent did not submit a response. On January 20, 2016, ODC issued a notice to appear and subpoena to Respondent, requiring his appearance on March 4, 2016. Respondent did not appear.

Respondent admits his failure to timely respond and otherwise cooperate in disciplinary investigations violates Rule 8.1(a), RPC, Rule 407, SCACR.

### Failure to Comply with Finally Accepted Agreement for Discipline by Consent

In the Agreement for Discipline by Consent that concluded the Swartz complaint, the second Graber complaint, and two client complaints, Respondent agreed to certain conditions. Those conditions included paying the investigation costs by November 29, 2014, completing the Legal Ethics and Practice Program (LEAPP) Ethics School and Law Office Management School by October 29, 2015, and maintaining $1,000 in his operating account to cover costs incurred on behalf of clients, including court reporting invoices.

The Commission sent letters reminding Respondent of his obligations on November 17, 2014, January 7, 2015, April 29, 2015, April 30, 2015, August 26, 2015, and January 8, 2016. Respondent did not complete the required LEAPP sessions, which were available to him in February 2015, September 2015, and February 2016. Furthermore, Respondent did not pay the investigation costs.

Respondent admits his misconduct violated the following Rules for Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct), Rule 7(a)(3) (it shall be ground for discipline for lawyer to knowing-

ly fail to respond to demand from disciplinary counsel), Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute administration of justice or bring legal profession into disrepute or conduct demonstrating unfitness to practice law), and Rule 7(a)(9) (it shall be ground for discipline for lawyer to willfully fail to comply with terms of finally accepted agreement for discipline by consent).

## Conclusion

We accept the Agreement for Discipline by Consent and impose on Respondent a retroactive definite suspension from the practice of law for eighteen (18) months, retroactive to the date of his interim suspension.

Prior to filing any petition for reinstatement, Respondent shall complete the LEAPP Program in its entirety, including Ethics School, Trust Account School, Advertising School, and Law Office Management School.

Within one hundred and twenty (120) days of the date of this order, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.

Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.